# IN THE UNTIED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**JACOB GAREY,**

    **Petitioner,**

v.                         **No. CV-08-412 MCA/ACT**

**ROBERT ULIBARRI, Warden,
and GARY K. KING, Attorney
General for the State of New Mexico.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

    **THIS MATTER** comes before the Court on Petitioner Jacob Garey's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 by a Person in State Custody. [Doc. No. 1]. Petitioner filed his Application on April 23, 2008. The Respondent filed an Answer, with accompanying exhibits, on May 30, 2008. [Doc. No. 9]. Petitioner filed a Motion to Dismiss on June 15, 2008, requesting that the Court dismiss Respondents' Answer. [Doc. No. 10]. The United States Magistrate Judge, having reviewed the Application, the Answer, the accompanying Exhibits, the Motion to Dismiss and the relevant law, finds that Garey's Application for a Writ of Habeas Corpus [Doc. No. 1] should be dismissed for lack of jurisdiction and that his Motion to Dismiss [Doc. No. 10] will be denied as moot.

## PROPOSED FINDINGS

## PROCEEDINGS AND PLEADING

    1.    On January 19, 2000, Garey pled no contest to possession of heroin in the matter of *State v. Garey*, Twelfth Judicial District, State of New Mexico, CR-99-410 ("CR-99-410"). [Doc. No. 9, Ex. B]. Garey's 18 month sentence was suspended and he was placed on probation for 18

months. [Doc. No. 9, Ex. A].  On August 10, 2001, Garey pled no contest to possession of heroin and tampering with evidence in the matter in *State v. Garey,* Twelfth Judicial District Court, State of New Mexico, CR-01-159 ("CR-01-159").  [Doc. No. 9, Ex. G].  It was stipulated that CR-99-410 and CR-01-159 be consolidated for a combined sentencing.  [Doc. No. 9, Ex. H].   A Judgment and Sentence (Commitment to Penitentiary) was entered in the two matters on October 31, 2001.  [Doc. No. 9, Ex. I].  On September 26, 2002, a Petition for Probation Revocation was filed in CR-99-410 and CR-01-159 alleging that Garey had violated the terms and conditions of his probation.  [Doc. No. 9, Ex. L].  On December 10, 2002, Garey's probation was revoked and he was committed to the penitentiary.  [Doc. No. 9, Ex. P].  In response, Garey filed  a Motion to Set Sentencing Date and Consider Reinstatement of Probation for Family Hardship on February 12, 2003, a Motion for Reconsideration  on March 5, 2003, and a Motion to Amend Judgment and Sentence of Probation Commitment to Penitentiary filed on December 11, 2003.  [Doc. No. 9, Exs Q, R and T].  On December 15, 2004, the state district court judge entered a Stipulated Order Finding Reconsideration of Sentence Moot on the grounds that Garey had been discharged from the penitentiary and finalized his probation and parole in CR-99-410 and CR-01-149.  [Doc. No. 9, Ex. U].

   2. On August 2, 2007, Garey filed two similar state habeas petitions (one on a printed form and one written by hand) regarding sentencing issues in CR-99-410 and CR-01-159. [Doc. No. 9, Exs. V and W].  On August 8, 2007, the state district court, in dismissing Garey's state habeas petition, found that Garey was not entitled to relief as a matter of law as there were no substantive irregularities in his sentencing and  Garey was no longer serving a sentence in either of the cases that served as the basis for his habeas petition.  [Doc. No. 9, Ex. X].  The Court stated that Garey was "serving sentences in later cases from this District.  The allegation in this Petition appear [sic] to

relate only to the earlier cases in which the sentences have been served in their entirety." *Id.* Garey's Petition for Writ of Certiorari was denied by the New Mexico Supreme Court on October 4, 2007. [Doc. No. 9, Exs. Y, Z, AA and BB].

3. Garey filed his federal habeas petition on April 23, 2008. [Doc. No. 1]. In his petition, Garey makes three claims. *Id.* First, he claims that his due process rights were violated during his sentencing in CR-99-410. *Id.* Second, he contends that the state court judge failed to listen to the sentencing tapes from October 15, 2001 and November 18, 2002, when sentencing him in CR-99-410 and CR-01-159. *Id.* Finally, as his third claim, Garey states, "I exhaust [sic] my state remedies by filing writ of certiorari with the Supreme Court of New Mexico." *Id.*

4. Respondents answered on May 20, 2008. [Doc. No. 9]. Respondents argue that Garey's petition is time barred and subject to dismissal as the one year statue of limitations has expired. *Id.* Respondents also contend that Garey failed to show that the state court proceedings resulted in a decision that was contrary to, or involved an unreasonable application of, federal law or resulted in a decision that was based on an unreasonable determination of the facts. *Id.* Garey filed a Motion to Dismiss on June 16, 2008, requesting that the Court dismiss Respondents' Answer. [Doc. No. 10].

## DISCUSSION

5. "Generally, where the parties have not raised a defense, the court should not address the defense sua sponte. 'The rule that points not argued will not be considered is more than just a prudential rule of convenience; its observance, at least in the vast majority of cases, distinguishes our adversary system of justice from the inquisitorial one.' *United States v. Burke*, 504 U.S. 229, 112 S.Ct. 1867, 1877, 119 L.Ed.2d 34 (1992) (Scalia, J., concurring) (citation omitted)." *Hardiman v.*

*Reynolds*, 971 F.2d 500, 502 (10th Cir. 1992).  However, a district court must summarily dismiss a habeas petition if it plainly appears from the petition that the petitioner is not entitled to relief.  *Bell v. Edmondson,* 2008 WL 2783167 *2 (W.D. Okla) citing Rule 4, Rules Governing Section 2254 Cases and Fed.R.Civ.P. 12(h)(3).  *See also, Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506 (2006)("The objection that a federal court lacks subject matter jurisdiction ... may be raised by ... a court on its own initiative, at any stage in the litigation ...")(internal citations omitted).

6.  28 U.S.C. §2254 requires that the petitioner be "in custody" under the challenged conviction or sentence and that the "in custody" requirement is determined as of the time the federal petition is filed.  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty."  *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973).

7.  Therefore, the relevant jurisdictional inquiry is whether Garey filed his federal habeas application while his liberty was restrained.   Although Garey might have been in custody for other crimes, it is clear from the record that Garey was not in custody for his 1999 and 2001 convictions at the time he filed his federal habeas petition on April 23, 2008 regarding those matters.  On December 15, 2004, a state district court judge entered a stipulated order finding that Garey had been discharged from the penitentiary and had finalized his probation and parole for his 1999 and 2001 convictions. [Doc. No. 9, Ex. U].  Over two and a half years later, on August 8, 2007, the same state district court judge found that Garey was no longer serving a sentence in CR-99-104 and CR-01-159 and that the sentences had been served in their entirety. [Doc. No. 9, Ex. X].

8.  Furthermore, this is not a situation where "collateral consequences" of a conviction will keep a federal habeas petition from becoming moot.  That occurs when the petitioner is in

4

custody at the time of filing but during the course of the federal proceedings is released. *E.g., Spencer v. Kemna,* 523 U.S. 1 (1998).  If, as here, there is no jurisdiction at the outset, the mootness doctrine is inapplicable:

> [Appellants contended] that it was error to dismiss the habeas petition as moot, as they continue to face collateral consequences arising from the removal order.  The basis for the dismissal was not mootness, however; instead, the court found that it lacked jurisdiction at the inception of the litigation because Rodela was not in custody at the time he filed his habeas petition.  If Rodela had been in custody at the time he filed his habeas petition, his deportation after the petition was filed–and the concomitant release from custody–might not have rendered the petition moot. ... So far as the record reveals, however, Rodela was discharged from custody *before* his petition reached the courthouse.  Because Rodela was not in custody at the moment his habeas petition was filed, the district court properly dismissed the petition for lack of jurisdiction.

*Rodela v. Comfort,* 118 Fed.Appx. 358 (10th Cir. 2004).

9. When Garey filed his federal habeas petition on April 23, 2008 he was not in custody for the 1999 and 2001 convictions which are the subject of his pending federal habeas petition.  As such, the Court has no jurisdiction to entertain Garey's federal petition.

## CONCLUSION

10. The Court recommends that Garey's Petition for Writ of Habeas Corpus be dismissed for lack of jurisdiction.  The Court also recommends that Garey's Motion to Dismiss be denied as moot.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. § 636(b)(1).

A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

                                                          **Alan C. Torgerson**
                                                          **UNITED STATES MAGISTRATE JUDGE**